# Exhibit B

**Sean M. Berkowitz**
Direct Dial: +1.312.777.7016
sean.berkowitz@lw.com

330 North Wabash Avenue
Suite 2800
Chicago, Illinois  60611
Tel: +1.312.876.7700  Fax: +1.312.993.9767
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

# LATHAM&WATKINS LLP

February 14, 2025

**VIA EMAIL**

Francis A. Bottini, Jr.
Bottini & Bottini, Inc.
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037

     Re:  Stockholder Litigation Demand

Dear Mr. Bottini:

  I write in response to your January 30, 2025 letter to Abbott Laboratories' ("Abbott" or the "Company") Board of Directors ("Board") on behalf of purported stockholder Matthew Steele ("Demand"). The Demand centers on infant formula production at Abbott's Sturgis, Michigan, facility, a lawsuit captioned *In re Abbott Laboratories Infant Formula Shareholder Derivative Litigation*, No. 22-5513 (N.D. Ill.) (the "Derivative Litigation"), and the Board's formation of a Special Litigation Committee ("SLC") on September 19, 2024. The Demand asks the Board to (1) dissolve the SLC; (2) withdraw the SLC's pending motion to stay the Derivative Litigation and let the stockholder plaintiffs pursue the remaining claims; and (3) investigate claims in the Derivative Litigation that were dismissed.

  At the outset, the Demand misstates both the law and the facts regarding the SLC. The Demand incorrectly asserts that the SLC "lacks authority under Illinois law" and thus was "improperly constituted." Demand at 2, 3. Specifically, the Demand contends that while Delaware has a statute (8 *Del. C.* § 141(c)) authorizing SLCs, Illinois has no such statute. *Id.* at 2. But Illinois *does* have a statute authorizing SLCs. *See* 805 Ill. Comp. Stat. 5/8.40. In fact, that statute is nearly identical to the Delaware statute that you concede permits SLCs:

| 8 *Del. C.* § 141(c) | 805 Ill. Comp. Stat. 5/8.40 |
|---|---|
| The board of directors may, by resolution passed by a majority of the whole board, designate 1 or more committees, each committee to consist of 1 or more of the directors of the corporation. | If the articles of incorporation or by-laws so provide, a majority of the directors may create one or more committees, each to have one or more members, and appoint members of the board to serve on the committee or committees. |

  Citing this same Illinois statute (which the Demand omits), courts similarly have recognized (decades ago) that "boards of directors in Illinois are now statutorily authorized to

create disinterested committees to address shareholders' complaints." *Silver v. Allard*, 16 F. Supp. 2d 966, 971 (N.D. Ill. 1998); *see also Weiland v. Illinois Power Co.*, 1990 WL 267364, at *3 (C.D. Ill. Sept. 17, 1990) (granting summary judgment in favor of a special litigation committee "formed pursuant to the by-laws of" an Illinois corporation "and § 8.40 of the Illinois Business Corporation Act"). Consistent with this authorization, Abbott's bylaws provide that "[a] majority of the Board of Directors may create one or more committees and appoint members of the Board to serve on the committee or committees." Abbott Bylaws Art. IV. The SLC is properly authorized and constituted under Illinois law and Abbott's bylaws.

Likewise, the Demand asks the Board to "withdraw *its* motion to stay" the Derivative Litigation. Demand at 2 (emphasis added). Elsewhere, you claim "the Company" filed the motion to stay. *Id.* at 21. But the SLC, not the Board or the Company, filed the motion to stay. The Board cannot withdraw a motion it did not file.

The Demand also asserts that Mr. Steele is the "only shareholder of record" in the Derivative Litigation, apparently suggesting that the co-lead plaintiffs lack standing to pursue the claims. Demand at 22 & n.5. Without taking a position as to the appropriate lead plaintiff, we note that Mr. Steele made the same argument before the Court in the Derivative Litigation. The Court rejected the argument, holding that "the 'shareholder of record' requirement is not inflexible, and I am not persuaded that it meaningfully distinguishes plaintiffs." *See* Derivative Litigation, Dkt. 86 at 2.

As for the Demand's request that the Board investigate and bring the claims that were dismissed in the Derivative Litigation, the Board has decided that, while it will evaluate whether to bring the kinds of claims your client demands, now is not an appropriate time to do so given the pendency of the SLC's investigation, the Derivative Litigation, and the putative securities fraud class action, *Pembroke Pines Firefighters & Police Officers Pension Fund v. Abbott Laboratories*, No. 22-4661 (N.D. Ill.), all of which involve an overlapping and common nucleus of operative facts. Thus, the Board will defer further action on the issue.

The Board's decision reflects two primary factors, either of which is sufficient on its own to underpin the decision.

First, the demand asks the Board to assert claims that involve allegations similar to those Abbott will contest in the *Pembroke Pines* case, which seeks substantial damages against the company. It cannot conceivably be in the interest of Abbott and its shareholders for Abbott to pursue claims that would make such a corporate loss more likely. *E.g.*, *Brenner v. Albrecht*, 2012 WL 252286, *6 (Del. Ch. Jan. 27, 2012) ("Prosecution of Brenner's derivative action would involve taking actions designed to refute the merits of the Company's defense of the Securities Class Action, and vice versa."); *In re Massey Energy Co.*, 2011 WL 2176479, *27 (Del. Ch. May 31, 2011) ("[T]he plaintiffs, as fiduciaries for other . . . stockholders, [should] be reluctant to prosecute the Derivative Claims they claim are so valuable until the direct claims . . . are resolved."). Thus, while *Pembroke Pines* is pending, it is not an appropriate time for the Board to further evaluate the demanded claims.

Second, the Board receives regular updates on the pending lawsuits discussed above from Abbott's management, including legal management and outside counsel. Should either case

**Francis A. Bottini, Jr.**
**February 14, 2025**
**Page 3**

**LATHAM&WATKINS**LLP

proceed through discovery and adjudication, that process may develop and clarify the issues raised in the Demand, which would benefit the Board's subsequent further consideration of the Demand.

The Board will continue to monitor developments and will consider whether to take the demanded actions at a later date. The Board will respond if it determines further action is appropriate.

Best regards,

*/s/ Sean M. Berkowitz*
Sean M. Berkowitz
of LATHAM & WATKINS LLP